IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRY VESTAL, individually and ) <br> On behalf of Mary Altgelt, deceased ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> JAIME M. VASQUEZ, M.D.; and ) <br> THE CENTER FOR REPRODUCTIVE ) <br> HEALTH, P.C., ) <br> ) <br> Defendants. ) | JURY DEMAND <br> Civil Action No. 3:03-0051 <br> Judge Nixon <br> Magistrate Knowles |

**DEFENDANTS' LOCAL RULE 8(b)(7) STATEMENT OF MATERIAL FACTS**

Pursuant to Local Rule 8(b)(7), the defendants Jamie M. Vasquez, M.D. and The Center For Reproductive Health, P.C. ("The Center") submit this statement of material facts to which they contend there is no genuine issue for trial.

1. Jamie M. Vasquez, M.D. is a physician licensed to practice medicine in the State of Tennessee and has been continuously licensed to practice medicine in Tennessee from 1991 to the present. (Vasquez Affidavit, ¶2).

**RESPONSE**:


2. Dr. Vasquez is familiar with the recognized standard of acceptable professional practice expected of physicians practicing the specialty of reproductive endocrinology ("standard of care") as that standard existed in Nashville, Tennessee from

1995 to the present and including all material times that he provided care and treatment to Mary Altgelt. (Vasquez Affidavit, ¶4).

**RESPONSE**:

3. Dr. Vasquez is familiar with the recognized standard of acceptable professional practice ("standard of care") expected of the healthcare providers at The Center For Reproductive Health, P.C. of which he was and is the Medical Director. (Vasquez Affidavit, ¶6).

**RESPONSE**:

4. Dr. Vasquez first saw Mary Altgelt on August 5, 1996 in a physician patient relationship. Three years later, on May 10, 1999, Ms. Altgelt returned to Dr. Vasquez' office at which time counsel occurred and the decision was made by Ms. Altgelt to proceed with treatment in an effort to help her conceive. (Vasquez Affidavit, ¶5).

**RESPONSE**:

5. Dr. Vasquez complied with the standard of care applicable to him at all times that he provided care and treatment to Ms. Altgelt. (Vasquez Affidavit, ¶6).

**RESPONSE**:

2

6. Dr. Vasquez did not negligently cause injury or death to Ms. Altgelt in connection with the care and treatment that he provided to her. (Vasquez Affidavit, ¶6).

**RESPONSE**:

7. The staff and healthcare providers at The Center who provided any care and treatment to Ms. Altgelt complied with the recognized standard of acceptable professional practice applicable to them. (Vasquez Affidavit, ¶6).

**RESPONSE**:

8. Dr. Vasquez and the staff at The Center did not negligently fail to treat and diagnose Ms. Altgelt. (Vasquez Affidavit, ¶6).

**RESPONSE**:

9. Dr. Vasquez and his staff did not negligently fail to recommend further testing, treatment and follow up to Ms. Altgelt. (Vasquez Affidavit, ¶6).

**RESPONSE**:

10. Dr. Vasquez and the staff at The Center did not negligently fail to refer Ms. Altgelt to a proper specialist for any treatment. (Vasquez Affidavit, ¶6).

**RESPONSE**:

11. Dr. Vasquez and the staff at The Center did not negligently fail to exhibit an increased surveillance for Ms. Altgelt. (Vasquez Affidavit, ¶6).

**RESPONSE**:

12. Dr. Vasquez and the staff at The Center did not negligently misread ultrasounds. (Vasquez Affidavit, ¶6).

**RESPONSE**:

13. Dr. Vasquez and the staff at The Center did not intentionally or negligently inflict severe emotional distress on Ms. Altgelt or Terry Vestal, nor did they engage in outrageous conduct. (Vasquez Affidavit, ¶6).

**RESPONSE**:

14. Dr. Vasquez and the staff at The Center did not negligently fail to inform Ms. Altgelt of abnormal findings on her ultrasounds. (Vasquez Affidavit, ¶6).

**RESPONSE**:

Respectfully submitted,

GIDEON & WISEMAN PLC


By: s/Thomas Anderton Wiseman III
       Thomas A. Wiseman III, #11738
1100 Noel Place
200 Fourth Avenue North
Nashville, TN 37219-2144
(615) 254-0400


**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document has been served upon the following on this 1st day of May, 2006, via electronic mail:

David Randolph Smith
Edmund J. Schmidt, III
1913 21st Avenue South
Hillsboro Village
Nashville, Tennessee 37212


s/Thomas Anderton Wiseman III

5