IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRY VESTAL, Individually and on behalf of Mary Altgelt, Deceased, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 3:03-0051 ) |
| JAIME M. VASQUESZ, M.D.; and THE CENTER FOR REPRODUCTIVE HEALTH, P.C., | ) JURY DEMAND ) Judge Nixon ) Magistrate Knowles ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
LOCAL RULE 8(b)(7) STATEMENT OF MATERIAL FACTS**

Comes now Plaintiff, by and through the undersigned counsel, and responds to Defendants' Statement of Material Facts as follows:

1. Jaime M. Vasquez, M.D. is a physician licensed to practice medicin in the State of Tennessee and has been continuously licensed to practice medicine in Tennessee from 1991 to the present. (Vasquez Affidavit, ¶2).

**RESPONSE:** Admitted.

2. Dr. Vasquez is familiar with the recognized standard of acceptable professional practice expected of physicians practicing the specialty of reproductive endocrinology ("standard of care") as that standard existed in Nashville, Tennessee from 1995 to the present and including all material times that he provided care and treatment to Mary Altgelt. (Vasquez Affidavit ¶4).

**RESPONSE:** Denied. *See* Affidavit of Joel Engel, M.D.

3. Dr. Vasquez is familiar with the recognized standard of acceptable professional practice ("standard of care") expected of the healthcare providers at The Center for Reproductive Health, P.C. of which he was and is the Medical Director. (Vasquez Affidavit, ¶6).

**RESPONSE:** Denied. *See* Affidavit of Joel Engel, M.D.

4. Dr. Vasquez first saw Mary Altgelt on August 5, 1996 in physician patient relationship. Three years later, on May 10, 1999, Ms. Altgelt returned to Dr. Vasquez' office at which time counsel occurred and the decision was made by Ms. Altgelt to proceed with treatment in an effort to help her conceive. (Vasquez Affidavit, ¶5).

**RESPONSE:** Admitted for the purposes of this motion.

5. Dr. Vasquez complied with the standard of care applicable to him at all times that he provided care and treatment to Ms. Altgelt. (Vasquez Affidavit, ¶6).

**RESPONSE:** Denied. *See* Affidavit of Joel Engel, M.D.

6. Dr. Vasquez did not negligent cause injury or death to Ms. Altgelt in connection with the care and treatment that he provided to her. (Vasquez Affidavit, ¶6).

**RESPONSE:** Denied. *See* Affidavit of Joel Engel, M.D.

7. The staff and healthcare providers at The Center who provided any care and treatment to Ms. Altgelt complied with the recognized standard of acceptable professional practice applicable to them. (Vasquez Affidavit, ¶6).

**RESPONSE:** Denied. *See* Affidavit of Joel Engel, M.D.

8. Dr. Vasquez and the staff at The Center did not negligent fail to treat and diagnose Ms. Altgelt. (Vasquez Affidavit, ¶6).

**RESPONSE:** Denied. *See* Affidavit of Joel Engel, M.D.

9. Dr. Vasquez and his staff did not negligently fail to recommend further testing, treatment and follow up to Ms. Altgelt. (Vasquez Affidavit, ¶6).

**RESPONSE:** Denied. *See* Affidavit of Joel Engel, M.D.

10. Dr. Vasquez and the staff at The Center did not negligently fail to refer Ms. Altgelt to a proper specialist for any treatment. (Vasquez Affidavit, ¶6).

**RESPONSE:** Denied. *See* Affidavit of Joel Engel, M.D.

11. Dr. Vasquez and the staff at The Center did not negligently fail to exhibit an increased surveillance for Ms. Altgelt. (Vasquez Affidavit, ¶6).

**RESPONSE:** Denied. *See* Affidavit of Joel Engel, M.D.

12. Dr. Vasquez and the staff at The Center did not negligent misread ultrasounds. (Vasquez Affidavit, ¶6).

**RESPONSE:** Denied. *See* Affidavit of Joel Engel, M.D.

13. Dr. Vasquez and the staff at The Center did not intentionally or negligently inflict severe emotional distress on Ms. Altgelt or Terry Vestal, nor did they engage in outrageous conduct. (Vasquez Affidavit, ¶6).

**RESPONSE:** Denied. *See* Affidavit of Joel Engel, M.D.

14. Dr. Vasquez and the staff at The Center did not negligently fail to inform Ms. Altgelt of abnormal findings on her ultrasounds. (Vasquez Affidavit, ¶6).

**RESPONSE:** Denied.  *See* Affidavit of Joel Engel, M.D.

> Respectfully Submitted,
>
> LAW OFFICES OF DAVID RANDOLPH SMITH
> & EDMUND J. SCHMIDT III
>
>
> By: s/David Randolph Smith
> David Randolph Smith, TN Bar #011905
> 1913 21st Avenue South
> Nashville, Tennessee 37212
> Phone: (615) 742-1775
> Fax: (615) 742-1223
> Web: http://www.drslawfirm.com
> e-mail: drs@drslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document has been served upon the following on this 23rd day of May, 2006, via electronic mail:

Thomas A. Wiseman III, Esq.
Gideon & Wiseman PLC
1100 Noel Place
200 Fourth Avenue North
Nashville, TN 37219-2144

> s/David Randolph Smith
> David Randolph Smith